## Stephen R. Ridgley v. The Minneapolis Threshing Machine Co. et al.

1. INJUNCTION—*Damages on Dissolution—Record.*—Where the record fails to show that an injunction was ordered or issued, a judgment for damages on its dissolution can not be sustained.

Bill for Injunction.—Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1895. Affirmed in part and reversed in part. Opinion filed November 15, 1895.

A. N. YANCY and PEEBLES & PEEBLES, attorneys for appellant.

DAVID E. KEEFE and A. H. BELL, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery, brought by the appellant to restrain the appellee company from selling or transferring a certain promissory note held by said appellee, signed by appellant and one Benoist as sureties for one Jacob Walker. The defense alleged against the note was that by agreement between them and one Russell, who was the agent for the appellee, the note was to be signed by said Russell also, and that he fraudulently omitted to do so, and delivered the note to appellee without his signature.

The appellee denied that Russell was its agent, and also denied any such agreement by him.

The evidence was conflicting as to what was the arrangement in that respect, but so far as the number of witnesses may affect it, the preponderance is with the appellant. We are, however, quite well satisfied with the conclusion reached by the Circuit Court, that the bill should be dismissed on the ground that Russell was not the agent of the appellee. He was not such agent, nor do we see that the appellee has done anything to estop it from so alleging. One White was the general agent of appellee at St. Louis, and he em-

ployed Russell to assist him in finding buyers and in transacting his business, but there is no proof whatever that appellee had ever employed or communicated with Russell, or even knew he was employed by White.

The appellant may have supposed Russell was an agent of appellee, but appellee can not be held responsible unless it has done something to warrant such a supposition.

It is urged, however, that the court erred in awarding damages on account of the dissolution of the injunction, in the sum of $100, and this point is, we think, well taken. The abstract does not show that an injunction was ever ordered or issued in the case, nor on a careful examination of the record do we find any reference whatever to such an order or writ, save in the order awarding damages, and for this, if for no other reason, such award must be reversed. If, however, there was a preliminary injunction, there was no motion to dissolve it, and it was never dissolved until the court, on a final hearing of the cause, determined that the equities of the case were with the defendants, and that the bill should, therefore, be dismissed, and then, as the record shows, the damages awarded were for expenses "incurred in and about the defense of said suit."

This is clearly erroneous. Lambert v. Alcorn, 144 Ill. 313, and cases cited.

The decree dismissing the bill is affirmed. The order awarding damages is reversed. The costs of the appeal will be equally divided between appellant and appellees. Affirmed in part, and reversed in part.